**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT M. and GEYSY M.,** | ) | |
| **Individually and as Parents and** | ) | |
| **Next Friend of** | ) | |
| **RYAN M.,** | ) | **Case No. 09 C 6728** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Virginia M. Kendall** |
| | ) | |
| **v.** | ) | **Magistrate Judge Geraldine Soat Brown** |
| | ) | |
| **BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO, DISTRICT 299,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge.

This case comes before the court on the motion for attorneys' fees and costs brought by plaintiffs Scott M. and Geysy M., individually and as parents and next friends of Ryan M. (collectively, "plaintiffs"). (Pls.' Mot.) [Dkt 34.] Plaintiffs seek "fees on fees": the fees incurred by plaintiffs in their successful effort to recover attorneys' fees incurred in a due process hearing under the Individuals with Disabilities Education Act. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part, and fees and costs are awarded in the amount of $27,636.80 against defendant Board of Education of the City of Chicago, District 299 (the "Board").

**Background**

Plaintiffs initially brought this lawsuit under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1415(i)(3)(B), seeking attorneys' fees and costs incurred in a due process hearing against the Board. (Compl.) [Dkt 1.] The IDEA authorizes a fee award to a parent who prevails in a due process hearing to resolve a dispute over special education services. 20 U.S.C. § 1415(i)(3)(B). The District Judge determined that plaintiffs prevailed in a due process hearing seeking more intensive special education services for their then four-year-old child, Ryan M. (Mem. Op. & Order, Aug. 9, 2010.)

For convenience, the underlying proceedings will be referred to as the "Due Process Hearing," the lawsuit filed to recover fees incurred in the Due Process Hearing will be referred to as the "Fee Suit," and the present motion to recover fees incurred in the Fee Suit will be referred to as the "Fees-on-Fees Claim." Plaintiffs are represented in the Fee Suit by attorneys from the law firm Mauk & O'Connor, LLP, but were represented in the Due Process Hearing by attorneys from the Children's Law Group. (Pls.' Mot., Ex. E ¶ 1, Affidavit of Michael A. O'Connor.)

After plaintiffs filed the Fee Suit, the parties filed cross-motions for summary judgment on the same day [dkt 14, 19], and each side filed a memorandum of law, a Local Rule 56.1 statement, a response to the other side's statement, a response to the other side's motion, and a reply brief. [Dkt 15, 17, 20, 21, 22-27.] Upon leave of court, plaintiffs further supplemented their reply. [Dkt 28, 30, 31.] Plaintiffs requested attorneys' fees in the amount of $95,173.02, and the Board argued for a fee award of $53,577. [Dkt 15, 20.] The District Judge granted in part and denied in part the parties' cross-motions, and awarded plaintiffs $78,079.32 in attorneys' fees, plus prejudgment interest.[1] (Order, Aug. 9, 2010.) [Dkt 32.] The District Judge reduced the requested amount from $95,173.02

---

[1] Plaintiffs state that the prejudgment interest was later calculated to be $3,085.80. (Pls.' Mot. ¶ 3.)

to $78,079.32 for unsupported or excessive requests for non-legal research, travel time, and duplicative entries, and fifteen percent overall to account for plaintiffs' relative degree of success at the Due Process Hearing. (Mem. Op. & Order at 30.)

Plaintiffs now bring this Fees-on-Fees Claim seeking attorneys' fees and costs in the amount of $31,531.80 incurred in litigating the Section 1415(i)(3)(B) claim in the Fee Suit and for time spent on the Fees-on-Fees Claim. (Pls.' Mot. at 1; Pls.' Reply at 1.) [Dkt 42.] Specifically, plaintiffs claim $24,640.30 for litigating the Fee Suit, $4,611.50 for the Fees-on-Fees Claim through the filing of the present motion, and $2,280 for drafting the reply brief in the Fees-on-Fees Claim. (Pls.' Mot. at 3; Reply at 1.) The Board raises several objections to plaintiffs' fee requests and proposes an award in the amount of $11,766.67. (Def.'s Resp. at 2.) [Dkt 41.]

Plaintiffs have submitted correspondence between counsel for the parties showing they attempted to reach an agreement as to fees pursuant to Local Rule 54.3(d), but were unable to do so. (Pls.' Mot., Exs. B, C.) The parties have also filed the requisite joint statement under Local Rule 54.3(e) setting forth the fees requested and the disputes about the fees. ("Jt. Stmt.") (Pls.' Mot., Ex. A.)

## Legal Standards

The Board does not dispute that plaintiffs prevailed in the Fee Suit – they succeeded in securing an award of attorneys' fees, albeit somewhat reduced. *See Jodlowski v. Valley View Cmty. Unit Sch. Dist.*, 109 F.3d 1250, 1253 (7th Cir. 1997) (prevailing party must "obtain at least some relief on the merits of his claim" (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992))). The only issue on the Fees-on-Fees Claim is the reasonableness of plaintiffs' fee request. In evaluating a fee

request under the IDEA, courts apply the same standards of reasonableness that govern attorneys' fee awards in civil rights cases under 42 U.S.C. § 1988. *See, e.g., M. v. Chicago Bd. of Educ.*, No. 10 C 2110, 2010 WL 4639259 at *1 (N.D. Ill. Nov. 8, 2010) (citing *Jodlowski*, 109 F.3d at 1253 n. 2); *Stephanie J. v. Bd. of Educ. of Chicago, Dist. 299*, No. 10 C 1359, 2010 WL 3070461 at *3 (N.D. Ill. July 30, 2010) (same).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). That initial figure is commonly referred to as the "lodestar" amount. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed, and the court has an obligation to exclude any hours not "reasonably expended" on the litigation. *Hensley*, 461 U.S. at 433-34, 436. Once the lodestar is determined, the court may adjust the award for a number of factors, including the amount involved and the results obtained, the novelty and difficulty of the questions involved, customary fees, the experience and ability of the attorney, and awards in similar cases. *Id.* at 429-30 and n. 3.

The party seeking a fee award bears the burden of establishing appropriate hours expended and hourly rates. *Hensley*, 461 U.S. at 437. In submitting a request for fees, counsel should exercise billing judgment. *Id.* "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434. Similarly, the district court has the obligation to exclude from this initial calculation any hours that are inadequately documented or that were duplicative or excessive. *People Who Care v. Rockford*

*Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996). However, the court will not "eyeball" the fee request and arbitrarily cut it down because it seems excessive. *Id.*

## Discussion

### I.    Lodestar

Plaintiffs seek fees divided into two categories: (1) for litigating the Fee Suit, and (2) for bringing the Fees-on-Fees Claim. (Jt. Stmt. at 1-2.) In the first category, plaintiffs seek $24,640.30, consisting of: 61.7 hours for attorney Michael O'Connor at $380 per hour; 1.4 hours for attorney Sara E. Mauk at $240 per hour; 2.5 hours for paralegal Peter Godina at $110 per hour; 1.05 hours of attorney time billed at $110 per hour; and costs of $467.80. (*Id.*; Pls.' Reply at 10.) In the second category, plaintiffs seek $4,611.50 for the Fees-on-Fees Claim through the filing of the motion: 11.7 hours for Mr. O'Connor at $380 per hour; 0.5 hour for Ms. Mauk at $240 per hour; 0.15 hour of attorney time billed at $110 per hour; and costs of $29. (*Id.*)[2]   In addition, in their reply brief, plaintiffs request an additional $2,280 for 6 hours spent drafting the reply brief, but do not name the attorney who did the drafting. (Pls.' Reply at 1.)[3]

The Board argues that Mr. O'Connor's hourly rate is too high, that certain of the hours

---

[2]   Plaintiffs have provided an itemized account of the time requested. (Pls.' Mot., Ex. B at 3-8, Ex. D.)

[3]   Plaintiffs initially also claimed that $1,091.50 of the prejudgment interest ordered by the District Judge had not been paid, and added that to the total requested in the opening brief. (Jt. Stmt. at 2.) However, the prejudgment interest was omitted without explanation from the final calculation in plaintiffs' reply brief, and presumably it is no longer at issue. (*See* Pls.' Reply at 1.) Even if plaintiffs have not recovered the full amount of prejudgment interest, that is not a request properly raised in this Fees-on-Fees Claim, as it has already been awarded by the District Judge. Enforcement of that order would be the proper recourse to recover any unpaid amount of prejudgment interest.

claimed were excessive and duplicative of work done in other cases, and that the overall award should be reduced by 15% to reflect plaintiffs' degree of success. (Def.'s Resp. at 2; Jt. Stmt. at 2-4.) The Board's objections are individually addressed below.

A.    Attorney Michael O'Connor

    *1.    Hourly billing rate*

The IDEA provides that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Here, plaintiffs have submitted the affidavit of Mr. O'Connor attesting that he has charged $380 per hour in special education matters since January 2009. (O'Connor Aff. ¶ 4.) Mr. O'Connor states that he has 40 years of legal experience, including extensive experience in special education matters. (*Id*. ¶¶ 2-3.) Moreover, plaintiffs submit a number of similar IDEA cases in which the Board did not object to Mr. O'Connor's $380 rate, and where courts accepted it as reasonable. (*Id.* ¶ 4; s*ee, e.g., M. v. Chicago Bd. of Educ.*, 2010 WL 4639259 at *1 n. 1; *Crispin R. v. Bd. of Educ. of Chicago, Dist. 299*, No. 09 C 3993, 2010 WL 3701328 at *5 n. 6 (N.D. Ill. Sept. 10, 2010).) This is sufficient to establish that the $380 per hour rate charged by Mr. O'Connor is reasonable. *See Spegon*, 175 F.3d at 556 (holding that attorney's affidavit in conjunction with evidence of fees awarded in similar cases may establish market rate for attorney's services).

The Board objects to the $380 rate, claiming the District Judge determined that $330 per hour was reasonable for an attorney with over 20 years of experience representing parents in special education matters. (Def.'s Resp. at 2.) However, the Board mischaracterizes the District Judge's finding; she decided that the $300 per hour rate charged by plaintiffs' former attorneys from the

Children's Law Group was reasonable. (Mem. Op. & Order at 12.) In reaching her decision, the District Judge cited the parties' undisputed ranges of reasonable attorneys' fees in special education law, which included $295-330 per hour for an attorney with 11 to 19 years of experience and $330-385 per hour for an attorney with more than 20 years of experience. (*Id;* Def.'s LR 56.1 Resp. ¶ 29.) [Dkt 25.] Mr. O'Connor has 40 years' experience, and the Board has not provided a sufficient basis to reduce his $380 per hour rate.

### 2.    *September 8, 2009 letter*

The Board objects to 0.5 hour that Mr. O'Connor spent drafting what is, in effect, a pre-complaint demand letter to the Board before filing the Fee Suit, suggesting that it should be reduced to 0.2 hour. (Jt. Stmt. at 2.) In the letter, Mr. O'Connor announced that he was representing plaintiffs in connection with the claim for fees incurred for the Due Process Hearing, reminded the Board that the Children's Law Group had filed a claim for $101,251.77 for those fees, and updated the fee demand with an additional $2,220 that plaintiffs had incurred in enforcing the due process decision.[4] Plaintiffs identify the letter as the first correspondence by Mr. O'Connor's firm Mauk & O'Connor, and assert it required careful review of the accompanying supplemental fee request. (Pls.' Mem. at 5-6.)[5] [Dkt 35.] In its response to the Fees-on-Fees Claim, the Board does not elaborate on its objection. Review of the letter shows that it was fairly straightforward, but that updating the

---

[4] That letter, like some other documents relating to the Fee Suit, was not attached to the present motion but was an exhibit to plaintiffs' motion for summary judgment on the fee claim. (*See* Pls.' LR 56.1 Stmt., Ex. C.) [Dkt 21.]

[5] Confusingly, plaintiffs' memorandum refers to O'Connor Affidavit, "Exhibit F at ¶ 8." (Pls.' Mem. at 6.) Mr. O'Connor's affidavit is Exhibit E to the memorandum, and it ends at ¶ 7. There is no discussion of the September 8, 2009 letter in that affidavit.

requested fees was somewhat complicated. One-half hour does not appear to be an excessive amount of time to ensure the communication and its attachment were accurate. Plaintiffs' request will not be reduced.

       *3.*     *Response to board objections*

After plaintiffs initially communicated their fee claim for the Due Process Hearing, the Board served a letter raising objections. (Compl. ¶¶ 25-26.) Mr. O'Connor spent a total of 3.25 hours (0.75 hour on September 13, 2009 and 2.5 hours on October 5, 2009) preparing responses to the Board's objections. The Board asserts that 1.5 hours would be sufficient for that task. (Jt. Stmt. at 2-3.) Plaintiffs identify the document that Mr. O'Connor prepared as a 23-page spreadsheet listing an individual response to each objection by the Board, which was ultimately filed with plaintiffs' motion for summary judgment in the Fee Suit. (Pls.' Mem. at 6; Pls.' LR 56.1 Stmt., Ex. E.) In light of the length and detail of the document, plaintiffs' request is not excessive and will not be reduced.

       *4.*     *Complaint*

The Board argues that the 5.75 hours Mr. O'Connor spent drafting and revising the complaint in the Fee Suit should be reduced to 2.5 hours because much of the language is identical to other IDEA actions he has brought in this district and because some factual allegations are copied and pasted from the due process hearing officer's decision. (Def.'s Resp. at 3-4, Exs. A-D.) The Board made the same argument in a very similar case, which was rejected by the District Judge there presiding, who observed that different cases, however similar the legal claims, involve different facts and information. *M.*, 2010 WL 4639259 at *1.

The court has compared the complaint filed in the Fee Suit with the other complaints Mauk & O'Connor have filed that are attached as exhibits to the Board's Response. (Def.'s Resp., Exs. A-D.) While the complaint here follows the same template, the factual allegations that make up the bulk of the complaint (¶¶ 6-27) are unique to this case. Even a straightforward attorneys' fee claim requires time to become familiar with the facts and issues specific to the case and organize them into a complaint which counsel can sign responsibly under Federal Rule of Civil Procedure 11. Here, 5.75 hours is not an excessive amount of time for those tasks, and plaintiffs' request will not be reduced.

5.    *Affidavits*

Plaintiffs submitted three affidavits in connection with the cross-motions for summary judgment in the Fee Suit: those of Mr. O'Connor, Deborah Pergament (one of the attorneys who represented plaintiffs in the Due Process Hearing), and Mary Elizabeth Moran (an attorney practicing in special education law who averred the rates charged by Ms. Pergament and her firm were reasonable). (Pls.' LR 56.1 Stmt., Exs. F, G, H.) Mr. O'Connor spent one hour drafting and editing those affidavits, which the Board contends should be reduced to 0.1 hour because Mr. O'Connor's affidavit is identical to the one he submitted in a previous case in this district. (Def.'s Resp. at 4, Exs. E-F.)

The breakdown submitted by plaintiffs indicates Mr. O'Connor spent 0.4 hours preparing and reviewing Ms. Moran's affidavit, 0.45 hours reviewing and commenting on Ms. Pergament's affidavit, and 0.15 hours editing his own affidavit to submit with the summary judgment motion. (Pls.' Mot., Ex. B at 6.) While Mr. O'Connor's affidavit is substantially the same as the one he

submitted in the earlier case, it is not identical because in the earlier case he represented the plaintiffs in both the due process hearing and the fee claim, while in this case the Children's Law Group represented the plaintiff in the Due Process Hearing. Mr. O'Connor's affidavit had to be adjusted to reflect that fact, and 0.15 hour (ten minutes) is not excessive for that task. The Board has not provided evidence that the other two affidavits are identical to others Mauk & O'Connor prepared. Therefore, plaintiffs' request will not be reduced.

6.    *Local Rule 56.1 Statement of Facts*

The Board argues that the 7.5 hours Mr. O'Connor spent preparing, drafting, and revising plaintiffs' Local Rule 56.1 statement of facts in the Fee Suit should be reduced to 3 hours because it is a "copy-and-paste job" from the complaint and affidavits for which Mr. O'Connor already billed as well as the hearing officer's decision. (Def.'s Resp. at 5, Exs. A, D, G.) Indeed, the bulk of the 56.1 Statement, apart from two paragraphs at the end about hourly attorney rates, is copied from the complaint, although Mr. O'Connor added citations to either the answer or the hearing decision for each numbered paragraph. (*Compare* Def.'s Resp., Ex. A *with* Ex. G.) Mr. O'Connor also attached eight previously-prepared documents as exhibits. (Def.'s Resp., Ex. G at 1.) Plaintiffs argue that, because the Board denied some allegations of the complaint, Mr. O' Connor had to locate a source in the record to support the factual statement. (Pls.' Reply at 4.)

After reviewing the factual statement, the court agrees that 7.5 hours is an excessive amount of time for that document. There were very few statements that needed additional support, and those that did were supported by a general reference to the affidavits. (See Def.'s Resp., Ex. G.) It is difficult to see why an experienced attorney billing at Mr. O'Connor's rate would require 7 hours

to copy a complaint, add citations to an answer and hearing decision, add two paragraphs, and compile pre-existing exhibits. The time will be reduced by 3 hours (a deduction of $1140), allocating 4.5 hours to that task. *See M.*, 2010 WL 4639259 at *2.

7.     *Summary Judgment Memorandum*

The Board objects to the 3.25 hours Mr. O'Connor billed for drafting and revising plaintiffs' opening brief supporting their summary judgment motion, and suggests that 1.85 hours is more appropriate. (Def.'s Resp. at 5-6.) The Board argues that the fact section was copied and pasted from the Rule 56.1 statement, and that the legal standard and argument sections are identical to those filed in another case. (Def.'s Resp. at 5-6, Exs. G, H, I.) The court agrees that 3.25 hours is excessive for that memorandum. The fact section is drawn from the Rule 56.1 statement, simply edited down to a narrative form. (*Compare* Def.'s Resp., Ex. G *with* Ex. H.) The legal analysis sections are virtually identical to those Mauk & O'Connor used in a previous case, with modest tailoring to the facts of this case. (*Compare* Def.'s Resp., Ex. H *with* Ex. I.)

The justification for Mr. O'Connor's higher hourly rate is his extensive experience in this area of law, which allows him to be more efficient, such as incorporating parts of previous briefs. But such efficiencies should result in a correspondingly shorter time to complete the tasks. Although plaintiffs argue that "even familiar cases should be re-reviewed as well as shepardized for recent developments" (Pls.' Reply at 5-6), there is a separate line item discussed below for time spent on legal research. Plaintiffs' request is reduced to 2 hours (a deduction of $475).

8. *Response to the Board's Statement of Facts and Summary Judgment Motion*

The documents discussed in the previous two sections were plaintiffs' initial filings in support of their motion for summary judgment in the Fee Suit. Those documents incorporated the previously-drafted complaint and previously-filed briefs. On the other hand, plaintiffs' responses to the Board's filings had to be drafted to respond to the Board's arguments. Necessarily, they required more time than plaintiffs' filings.

The Board argues that the time Mr. O'Connor spent responding to its statement of facts (5 hours) and drafting and revising plaintiffs' response to the Board's summary judgment motion (6.75 hours) is excessive because plaintiffs admitted a majority of the facts. (Def.'s Resp. at 6.)[6] The Board suggests that the time be reduced to 2 hours for the statement of facts and 2.5 hours for the response. The Board also asserts that Mr. O'Connor spent three hours consulting with Ms. Pergament, plaintiffs' lawyer in the Due Process Hearing, about those documents, which it asserts was duplicative legal work. (Def.'s Resp. at 7.)

Although it is true that plaintiffs admitted a majority of the Board's statements of fact, the Board's filing went into detail about the tasks performed by the Children's Law Group and the amount those lawyers billed for those tasks. (*See, e.g.,* Pl.'s LR 56.1 Resp. ¶¶ 24-34.) [Dkt 22.] It is not surprising that Mr. O'Connor had to spend time reviewing materials and Ms. Pergament's comments to make the determination whether to admit each one, because Mr. O'Connor had no

---

[6] Defendants assert Mr. O'Connor spent 5.5 hours on the response to the Board's summary judgment motion, but the breakdown plaintiffs submitted reflects he spent a total of 6.75 hours drafting the response. (Pls.' Mot., Ex. B at 7.)

personal knowledge of the events in the Due Process Hearing.[7]  The Board also objects to the time spent on the brief responding to the Board's motion for summary judgment, but does not provide a basis for that objection.  (Def.'s Resp. at 6.)  Plaintiffs' response was a point-by-point discussion of each of the Board's many objections to the fees sought for the Due Process Hearing.  (*See* Pls.' Mem. Law Resp. Def.'s Mot. Summary Jdmt.)  [Dkt. 23.]  The time sought, 6.75 hours, is not excessive. Therefore, plaintiffs' request will not be reduced.

### 9. *Reply in Support of Summary Judgment*

The Board objects to the 3.5 hours Mr. O'Connor spent drafting and revising plaintiffs' reply brief in support of the motion for summary judgment.  (Jt. Stmt. at 3.)  Review of the brief shows that it is a four-page document with factual and legal responses to several points raised by the Board in its response brief.  [Dkt 27.]  Although the document is fairly brief, 3.5 hours is not an excessive amount of time to draft the reply, and plaintiffs' request will not be reduced.

### 10. *Legal research*

The Board objects that 1.75 hours of legal research conducted by Mr. O'Connor is non-compensable.  (Jt. Stmt. at 3.)  However, a reasonable amount of time spent on research is properly included in an award of attorneys' fees.  *In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992).  Although plaintiffs' counsel is very experienced in this area of law, the record reflects that he submitted several recent, relevant cases to the District Judge to supplement the motion for

---

[7] The billing entries do not indicate that Mr. O'Connor spent three hours consulting Ms. Pergament; rather, he reviewed her comments to the documents and revised the documents.  (Pls.' Mot., Ex. B at 6.)

summary judgment. [Dkt 31.] Plaintiffs' request will not be reduced.

11.     *Review of court orders and appearances*

The Board objects to time Mr. O'Connor billed for review of minute orders, the District Judge's standing order, and appearances filed by Board attorneys, arguing that the time was unnecessary. (Jt. Stmt. at 2-3.) Mr. O'Connor billed 0.1 or 0.15 hour on several dates for time spent reviewing minute orders or attorney appearances. (Pls.' Mot., Ex B at 4-6 (entries for 10/29/09, 11/5/09, 12/16/09, 1/7/10, and 1/8/10).) He billed 0.25 hour for reviewing a standing order from the District Judge. (*Id.* at 5 (11/5/09 entry).) The basis for the Board's objection that it was unnecessary for Mr. O'Connor to review these is unclear, as review of court orders certainly cannot be deemed unnecessary. Plaintiffs' request will not be reduced.

12.     *"Fee Petition" in the Fees-on-Fees Claim*

After the District Judge's decision awarding plaintiffs' fees in the Fee Suit, Mr. O'Connor sent a letter to the Board with a demand for the fees for the time Mauk & O'Connor spent on the Fee Suit. (Pls.' Mot., Ex B at 7.) The Board objects to the 1.25 hours Mr. O'Connor spent drafting the letter (which the parties call a "fee petition"), arguing that the time was excessive, did not require legal expertise, and should be billed at $110 per hour. (Def.'s Resp. at 7.) Review of the document shows that it was correspondence sent to the Board pursuant to Local Rule 54.3 setting forth the breakdown of the Mauk & O'Connor firm's hours expended in the Fee Suit, and attaching a print-out of that time. As plaintiffs point out, this required an attorney to review it for accuracy and reasonableness. (Pls.' Reply at 7.) Plaintiffs' request for preparation of the correspondence will not

be reduced.

### 13. *Non-legal work*

The Board objects to 2.5 hours it alleges Mr. O'Connor billed on February 19, 2010 for redactions to documents, arguing this is not attorney work. (Defs.' Resp. at 9.) Review of the billing breakdown shows that it was in fact Peter Godina, a paralegal, who did that work, and thus the Board's argument on this point is incorrect. (Pls.' Mot., Ex. B at 7.)

In addition, plaintiffs billed 1.05 hours for time Mr. O'Connor and Ms. Mauk spent preparing initial case documents and filing documents in the court's CM/ECF system for the Fee Suit, and 0.15 hour Mr. O'Connor spent filing documents with the court for the Fees-on-Fees Claim. (Jt. Stmt. at 1-2; Pls.' Mot., Ex. B at 4, 7, 8 and Ex. D at 2.) Plaintiffs billed that time at a paralegal rate ($110 per hour). (Jt. Stmt. at 1-2.) Plaintiffs will be awarded that time at that rate.

### 14. *Fees-on-Fees Claim*

The Board has not raised any objections to the amounts plaintiffs request for Mr. O'Connor's time spent preparing the initial motion on the Fees-on-Fees Claim. Plaintiffs have submitted an itemized breakdown of the time requested, and the entries reflect reasonable amounts of time spent litigating the present motion. (*See* Pls.' Mot, Ex. D.) Specifically, Mr. O'Connor spent time attempting to compromise with the Board on a figure so that this motion could be avoided altogether, and, when those efforts were unsuccessful, time drafting the initial documents submitted to the court. (*See id.*) However, the requested $2,280 for 6 hours of attorney time spent drafting the reply brief on this motion will not be allowed. (*See* Pls.' Reply at 1.) Plaintiffs have submitted no factual

support for that claim, not even to identify which attorney billed the time. Although $2,280 divided by 6 hours is $380 per hour, suggesting that it was Mr. O'Connor, the court must have a sufficient factual basis to determine whether the request is reasonable. Plaintiffs have not provided such a basis.

B.     Attorney Sara Mauk

The Board objects to time billed by Ms. Mauk in the Fee Suit and Fees-on-Fees Claim, which totaled 1.9 hours reviewing and commenting on Mr. O'Connor's drafts. (Def.'s Resp. at 8; Pls.' Mot., Exs. B, D.)[8] The Board argues that this work was unnecessary and duplicative given that Ms. Mauk has considerably less experience than Mr. O'Connor. (Def.'s Resp. at 8.) Mr. O'Connor states that Ms. Mauk is a 2004 law school graduate specializing in special education matters, and plaintiffs argue that use of multiple attorneys was reasonable. (O'Connor Aff. ¶ 4; Pls.' Reply at 7-8.)[9]

Generally speaking, courts have acknowledged that using more than one lawyer can lead to more efficiency and reduced costs, and some consultation among lawyers is not unreasonable. *See M.*, 2010 WL 4639259 at * 3 (citing cases). Use of more than one lawyer can result in a more efficient distribution of work among attorneys of different experience levels. *See Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 661 (7th Cir. 2007). In most cases, such efficiency is accomplished when a less experienced attorney spends the majority of the time drafting a brief and

---

[8] The Board identifies Ms. Mauk's time as 1.4 hours (Def.'s Resp. at 8), but Ms. Mauk spent an additional 0.5 hours on the Fees-on-Fees Claim. (*See* Jt. Stmt. at 2.)

[9] As plaintiffs observe, the Board has not submitted information about the time or division of responsibility among its attorneys assigned to this case.

a more experienced attorney spends less time reviewing and making changes to her work. *See id.* Here, the inverse scenario occurred, but there can also be value in having a second pair of legal eyes review a draft document to spot problems and make corrections before the document is filed with the court, assuming the time spent is modest. The 1.9 hours Ms. Mauk spent reviewing drafts before they were filed is not unreasonable in light of the many documents filed in the Fee Suit and on the present claim. Therefore, plaintiffs' request will not be reduced by Ms. Mauk's hours.

C.    Paralegal Peter Godina

Plaintiffs' fee breakdown indicates Mr. Godina spent 2.5 hours redacting documents included in plaintiffs' fee request. (Pls.' Mot., Exs. A, B.) Mr. O'Connor states that Mr. Godina's time has been billed at $110 per hour since January 2009. (O'Connor Aff. ¶ 4.) Plaintiffs cite *Nicole M. v. Bd. of Educ. of Chicago*, *Dist. 299*, No. 09 C 3010, 2010 WL 186701 at *4 (N.D. Ill. Jan. 14, 2010), stating that rates for paralegals working in special education matters range from $85-115 an hour. The Board does not object to Mr. Godina's rate. The Board's sole objection is the mistaken impression that the work was done by Mr. O'Connor rather than the paralegal. (Def.'s Resp. at 9.) Plaintiffs' request for Mr. Godina's time will not be reduced.

D.    Calculation of Lodestar

The lodestar amount is therefore calculated as follows: (1) for litigating the Fee Suit: 57.45 hours for attorney Michael O'Connor at $380 per hour ($21,831); 1.4 hours for attorney Sara E. Mauk at $240 per hour ($336); 2.5 hours for paralegal Peter Godina at $110 per hour ($275); and 1.05 hours of attorney time billed at $110 per hour ($115.50); (2) for bringing the present motion:

11.7 hours for Mr. O'Connor at $380 per hour ($4,446); 0.5 hours for Ms. Mauk at $240 per hour ($120); and 0.15 hour of attorney time billed at $110 per hour ($16.50). This brings the total to $27,140.

## II.    Adjustment of Lodestar Amount

Having determined the lodestar, the court must next determine whether there are factors that warrant adjusting the fee upward or downward. *Hensley*, 461 U.S. at 434. A plaintiff who has won substantial relief should not have his attorneys' fees reduced simply because the district court did not award the full relief requested. But where the plaintiff achieved only limited success, the district court should award only the amount of fees that is reasonable in relation to the results obtained. *Id.* at 434-36. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. On the other hand, "[w]hen a plaintiff has obtained an excellent result, his attorney should recover a fully compensable fee . . . ." *Spegon*, 175 F.3d at 557.

Here, the Board argues that because plaintiffs' fee award in the underlying litigation was reduced in part for duplicative and unnecessary time billed as well as by fifteen percent based on the degree of success, the fee award should be reduced by fifteen percent here. However, a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Spegon*, 175 F.3d at 557 (quoting *Hensley*, 461 U.S. at 435). The consideration is qualitative in nature. *John M. v. Bd. of Educ. of Chicago, Dist. 299*, 612 F. Supp. 2d 981, 999 (N.D. Ill. 2009); *Poynor v. Comm. Unit Sch. Dist. No. 300*, No. 99 C 1290, 1999 WL 1101566 at *1 (N.D. Ill. Nov. 30, 1999) (relying on *Hensley* to reject a "mindless application of mathematics to a

qualitative inquiry"). Plaintiffs originally requested $95,173.02 in the Fee Suit and were ultimately awarded $78,079.32. (Mem. Op. & Order at 30.) They achieved approximately 83% of what they initially sought, which could certainly be classified as "very successful." *See M.*, 2010 WL 46339259 at *4. Moreover, an award of $27,140 in attorneys' fees and costs is not out of line with those previously awarded for litigating an IDEA fee claim. *See id.* (court awarded $23,216.35 in fees and costs in case where the plaintiffs initially recovered $73,861.03 in fees plus prejudgment interest). Therefore, the fee award will not be reduced.[10]

## III. Costs

### A. Photocopy costs and filing fee

A prevailing party may recover "[f]ees for exemplification and ... copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). That includes copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, but does not include copies made solely for the convenience of counsel. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990); *Arachnid, Inc. v. Valley Recreation Prods., Inc.*, 143 F.R.D. 192, 193 (N.D.Ill.1992). The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained

---

[10] Plaintiffs initially offered to reduce their requested fees for the Fee Suit by 15% as a compromise to avoid the Fees-on-Fees Claim. The Board did not accept that compromise, and the result was this motion. Plaintiffs' fees will not be automatically reduced by the amount of their compromise offer.

records." *Id.*

Here, plaintiffs claim photocopying expenses in the amount of $88.80 at a rate of $0.15 a page for courtesy copies and Board e-filings (Pls.' Mot., Ex. B at 8), which the Board objects is "vague and unclear." (Defs.' Resp. at 9.) Plaintiffs' breakdown of these costs, while cursory, is not unclear and sufficiently documents what documents were copied and at what price per page. Courtesy copies and copies of e-filings are recoverable photocopy costs, and $0.15 a page has been accepted as a reasonable rate. *See, e.g., M.*, 2010 WL 4639259 at *4. Thus, plaintiffs will be awarded their reasonable photocopy costs.

Plaintiffs also request $350 for the filing fee in this case. (Pls.' Mot., Ex. B at 8.) This is an allowable cost under § 1920(1) and will be awarded.

B.     Parking

Plaintiffs seek a total of $58 for parking at May 26 and October 20, 2010 court appearances. (Pls.' Mot., Ex. B at 8 and Ex. D at 2.) While travel-related expenses are not recoverable costs under 28 U.S.C. § 1920, they may be recoverable as an element of reasonable attorney's fees. *Riddle v. Natl. Sec. Agency, Inc.,* No. 05 C 5880, 2010 WL 1655443 at 9 (N.D. Ill. Apr. 23, 2010). The Board has not objected to these amounts, and they will thus be added to the fee award, bringing the total attorneys' fees to $27,198.

**Conclusion**

For the reasons stated above, plaintiffs' motion for attorneys' fees is granted in part and denied in part. Plaintiffs are awarded attorneys' fees in the amount of $27,198 and costs in the amount of $438.80, bringing the total award to $27,636.80.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

March 25, 2011